USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-19-21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA :
    -against- : No. 18 Cr. 146 (JFK)
VERNON WALKER, : **ORDER**
                      Defendant. :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

On April 22, 2021, Defendant Vernon Walker filed a pro se letter motion seeking reconsideration of the Court's March 25, 2021 Opinion & Order ("the March 25 Decision") which denied his request for a sentence reduction pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute.[1] Walker's letter urges the Court to revisit (1) its determination that Walker's age and health issues are not severe enough to warrant his immediate release due to the COVID-19 pandemic; and (2) the Court's alternative finding that, even if Walker's age, health risks, and the pandemic give rise to extraordinary and compelling reasons for a sentence reduction, application of the sentencing factors set forth in 18 U.S.C. § 3553(a) nevertheless outweigh modifying his sentence.

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise

---

[1] This Order assumes familiarity with the March 25 Decision. See United States v. Walker, No. 18 Cr. 146 (JFK), 2021 WL 1146688 (S.D.N.Y. Mar. 25, 2021).

1

the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Nevertheless, "[r]econsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The Second Circuit has made clear that motions for reconsideration are to be denied except where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Stagg P.C. v. U.S. Dep't of State, No. 15 Civ. 8468 (KPF), 2019 WL 1863418, at *1 (S.D.N.Y. Apr. 25, 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "Compelling reasons for granting a motion for reconsideration are limited to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Id. (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or

otherwise taking 'a second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)); see also Stone v. Theatrical Inv. Corp., 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (observing that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced") (quotation marks omitted).

Walker's motion for reconsideration is without merit. First, Walker does not point to controlling decisions or data that the Court overlooked, but rather, he repeats the same insufficient arguments that he asserted in his initial request for a sentence reduction.

Second, as the Court explained in the March 25 Decision, "Walker . . . fail[s] to articulate a sufficiently extraordinary or compelling reason why his sentence should be modified." United States v. Walker, No. 18 Cr. 146 (JFK), 2021 WL 1146688, at *3 (S.D.N.Y. Mar. 25, 2021). Accordingly, Walker is not entitled to a reduction in sentence. See 18 U.S.C. § 3582(c) (stating a court "may not modify a term of imprisonment once it has been imposed" without a finding that "extraordinary and compelling reasons warrant such a reduction").

Finally, and once again decisive here, modifying Walker's already lenient sentence of 108 months' incarceration, of which he has served approximately 40 months, would not be consistent with the § 3553(a) sentencing factors. As the March 25 Decision explained, "the factors that weigh in Walker's favor, such as the need to provide necessary medical care, are overshadowed by the combined force of 'the nature and circumstances of the offense' and the need for the sentence imposed to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' 'afford adequate deterrence to criminal conduct,' and 'protect the public from further crimes of the defendant.'" Walker, 2021 WL 1146688, at *4.

Accordingly, Walker's motion for reconsideration is DENIED. Cf. United States v. Mason, No. 96 Cr. 126 (JFK), 2021 WL 793835, at *2 (S.D.N.Y. Mar. 2, 2021) (denying similar request for reconsideration of an order denying compassionate release).

**SO ORDERED.**

Dated: New York, New York
May 19, 2021

_____
John F. Keenan
United States District Judge

(Chambers Staff Mailed a copy of this order to Mr. Walker on 5-19-21 — William Ryan, Courtroom Deputy)